# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Bakko Aviation, LLC,                                    Civil No. 16-742 (DWF/LIB)

        Plaintiff,

                                           **MEMORANDUM**
v.                                            **OPINION AND ORDER**

KK Air, LLC, and Justin Smith,

        Defendants.

_____

Jason G. Lina, Esq., Fluegel, Anderson, McLaughlin & Brutlag, Chtd., counsel for Plaintiff.

Justin Smith, Pro Se, Defendant.

_____


## INTRODUCTION

This matter is before the Court on a Motion for Default Judgment brought by Bakko Aviation, LLC ("Plaintiff"). (Doc. No. 14.) Also before the Court is an untimely Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted brought by Defendant Justin Smith ("Smith"). (Doc. No. 19.) Defendant KK Air, LLC ("KK Air") has not answered or otherwise appeared to defend this action. For the reasons set forth below, the Court grants Plaintiff's Motion in part and denies Smith's Motion.

# BACKGROUND

## I.    Plaintiff's Complaint

This action arises out of a lease agreement ("Lease") between Plaintiff and

KK Air, a Texas corporation, entered into on or about August 10, 2012.  (Doc. No. 1

("Compl.") ¶¶ 2, 6.)  Under the Lease, KK Air agreed to pay Plaintiff monthly payments

of $15,000 in exchange for the exclusive use of an aircraft[1] for a four-year term.  (*Id.* ¶

7.)  Along with the required monthly payments, the Lease required KK Air to pay a

$25,000 security deposit.  (*Id.*)  KK Air was also required to log and report all flight

hours to Plaintiff and to make payments of $70 per hour flown pursuant to the Lease

terms.  (*Id.*)

The Lease imposed several obligations upon KK Air regarding repairs,

maintenance, and inspections, including monthly maintenance reporting to Plaintiff.

(*Id.* ¶¶ 7-11.)  According to Plaintiff, KK Air had an obligation to immediately report any

damage to the aircraft and incur the necessary expenses to fully repair the aircraft upon

Plaintiff's approval of such repairs.  (*Id.* ¶ 12.)  Upon termination, KK Air was required

to return the aircraft to Plaintiff in Glenwood, Minnesota at KK Air's expense.  (*Id.* ¶ 13.)

Plaintiff alleges the aircraft was required to be delivered "with all maintenance inspection

up-to-date, duly certified as an airworthy aircraft, with all equipment, systems, radios,

[and] appliances in the same condition as received [f]rom Plaintiff, normal wear and tear

---

[1]    The aircraft is described in the Complaint as:  Piper PA46-500TP, Serial Number
4697295, Registration Number N1065Y.  (Doc. No. 1 ("Compl.") ¶ 6.)

excepted." (*Id.* ¶ 14.) Plaintiff asserts that the prevailing party in a lawsuit relating to the Lease is entitled to reasonable attorney fees. (*Id.* ¶ 16.)

According to the Complaint, KK Air failed to pay the $25,000 security deposit, and as of November 2, 2015, owed $67,227.15 in past-due monthly lease payments and $122,500 for unpaid expenses associated with 1,750 incurred flight hours. (*Id.* ¶¶ 19-22.) Plaintiff terminated the Lease on or about September 17, 2015. (*Id.* ¶ 24.) KK Air failed to return the aircraft to Minnesota as required by the Lease. (*Id.*) On October 14, 2015, Plaintiff recovered the aircraft from KK Air in Texas, incurring approximately $25,000 in recovery expenses. (*Id.* ¶ 25.)

Plaintiff alleges upon information and belief that KK Air damaged the aircraft, failed to inform Plaintiff of such damages, and performed poor quality repair work using non-approved components without Plaintiff's permission. (*Id.* ¶¶ 26-28.) Due to KK Air's substandard repairs, Plaintiff asserts it has incurred at least $350,000 in repair expenses. (*Id.* ¶ 29.) Similarly, Plaintiff alleges KK Air performed improper maintenance, repairs, and updates that resulted in the aircraft being declared not airworthy by the FAA. (*Id.* ¶¶ 30-31.) According to Plaintiff, in order to obtain airworthiness certification, Plaintiff has had to incur significant expenses. (*Id.* ¶ 31.)

Plaintiff's Complaint asserts breach-of-contract and negligence claims against both KK Air and Smith. (*Id.* ¶¶ 32-37.) Plaintiff alleges upon information and belief that Smith "formed or maintained Defendant KK Air, LLC, as his personal alter ego." (*Id.* ¶ 34.) Specifically, Plaintiff alleges upon information and belief that Smith did so "by (1) insufficiently capitalizing the corporation; (2) failing to observe corporate formalities;

3

(3) maintaining the insolvency of the corporation; and ([4]) siphoning corporate assets for individual dealings." (*Id.*) Plaintiff also alleges upon information and belief that Smith was responsible for the substandard repairs and maintenance. (*Id.* ¶ 35.) The Complaint asserts that the alleged breach of contract and negligence have caused Plaintiff to incur damages in excess of $500,000 plus attorney fees. (*Id.* ¶ 36.) According to the Complaint, "Plaintiff is entitled to the equitable remedy of piercing the corporate veil to hold Defendant Justin Smith liable for damages alleged herein against Defendant KK Air, LLC." (*Id.* ¶ 37.)

## II. Procedural Background

On March 23, 2016, Plaintiff commenced this action by filing a Complaint. (*See generally* Compl.) The Defendants were served on July 22, 2016, with Smith being served as both an individual and as agent of KK Air. (See Doc. Nos. 9, 10.) Both Defendants failed to plead or otherwise defend the action within the time permitted following service, and a Clerk's Entry of Default was filed on August 29, 2016. (Doc. No. 13.) On September 6, 2016, Plaintiff filed a Motion for Default Judgment seeking a default judgment for Defendants' alleged breach of contract, (Doc. No. 14), and a hearing on this motion was set for November 4, 2016, (Doc. No. 16).

On November 3, 2016, Defendant Justin Smith submitted via e-mail to the Court a *pro se* Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted. This motion was filed on the docket on November 4, 2016. (Doc. No. 19.) The Court held the scheduled hearing on Plaintiff's

Motion for Default Judgment on November 4, 2016, and counsel for Plaintiff appeared. Neither Defendant made an appearance. (Doc. No. 20.)

On November 17, 2016, the Court ordered Smith to pay Plaintiff's attorney fees and costs associated with bringing the Motion for Default Judgment within thirty days as a condition of going forward in defending the case. (Doc. No. 24.) Defendant Justin Smith did not pay any attorney fees and costs. Pursuant to the Court's request, on January 5, 2017, Plaintiff filed a letter brief addressing the jurisdictional issues raised in Defendant Justin Smith's untimely motion. (Doc. No. 25.) The matter is now before the Court on Plaintiff's Motion for Default Judgment, (Doc. No. 14), and Smith's Motion to Dismiss, (Doc. No. 19).

## DISCUSSION

Given Smith's failure to pay any fees to Plaintiff as directed by the Court, the Court declines to permit further briefing or hold a hearing on Smith's untimely motion. However, the Court notes Smith's arguments and Plaintiff's response to provide background context for the Court's analysis, below.

First, Smith argues that the Court lacks personal jurisdiction over him because he was not a party to the Lease between Plaintiff and KK Air, and Plaintiff has failed to establish that Smith would be subject to either general or specific personal jurisdiction in Minnesota. Second, Smith argues that even if the Court had jurisdiction over him, Plaintiff's conclusory allegations relating to Smith are insufficient to establish that Smith maintained KK Air as his alter ego. Thus, Smith argues that the Court should not be permitted to pierce the corporate veil to hold Smith liable for KK Air's alleged actions.

Plaintiff argues that the Defendants' failure to appear to defend the allegations in the Complaint has impeded discovery necessary to establish the propriety of piercing the corporate veil in this case. However, Plaintiff directs the Court to litigation in other jurisdictions that illustrates a pattern in which Smith relies on sham entities to lease aircraft and subsequently breaches those agreements or otherwise acts in disregard of his legal obligations. Plaintiff also alleges seeing aircraft at Smith's hanger in Texas which Plaintiff determined were owned or leased by entities out of Montana or Georgia. With regard to personal jurisdiction, Plaintiff has submitted to the Court numerous e-mails sent by Smith to Plaintiff demonstrating that he reached out to a Minnesota resident to purchase a Minnesota aircraft and ultimately signed a Lease agreement governed by Minnesota law. In short, Plaintiff argues, "it is clear that Mr. Smith is perpetrating a scheme in multiple jurisdictions across the United States, taking advantage of aircraft owners with leases Mr. Smith never intends to honor, causing harm to the subject aircraft, and then attempting to hide behind the corporate veil." (Doc. No. 25 at 2.) Plaintiff argues that Smith should not be permitted to block further discovery or avoid liability by failing to answer or otherwise participate in this litigation.

## I.     Plaintiff's Motion for Default Judgment

### A.     Legal Standard

A court may enter a default judgment against a party who "fails to appropriately respond in a timely manner." *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010); *see also* Fed. R. Civ. P. 55(b)(2). In these circumstances, the non-responding party is treated as having admitted the factual allegations in the complaint, excluding

allegations regarding the amount of damages. *See Marshall*, 616 F.3d at 852 ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." (quoting Fed. R. Civ. P. 8(b)(6))). Even when a party has failed to timely respond, however, "it is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Id.* at 852-53 (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). This is true because "a party in default does not admit mere conclusions of law." *Id.* at 852 (quoting *Murray*, 595 F.3d at 871).

**B.     Defendants' Default**

Neither KK Air nor Justin Smith responded to Plaintiff's Complaint or otherwise defended this action in a timely manner after service. As a result, a Clerk's Entry of Default was entered against both Defendants on August 29, 2016. KK Air has remained unresponsive and is clearly a defaulting party in this matter. Further, although Smith sought to defend this action by e-mailing the Court an untimely Motion to Dismiss, Smith failed to comply with the Local Rules in submitting this motion. In addition, the motion was received by the Court on the eve of the hearing on Plaintiff's Motion for Default Judgment, and Smith failed to appear at this hearing. Moreover, Smith failed to pay Plaintiff's incurred attorney fees as directed by the Court in its November 17, 2016 Order. Thus, the Court concludes that Smith is also a defaulting party. The Court will therefore consider the allegations in Plaintiff's Complaint to discern whether a default judgment is justified against KK Air and Smith.

**C.     KK Air's Liability**

Plaintiff seeks a default judgment against KK Air for breach of the Lease and resulting damages. To establish liability for breach of contract, Plaintiff must show: (1) formation of a contract; (2) performance by plaintiff of any conditions precedent; and (3) breach by the defendant. *Lyon Fin. Servs., Inc. v. Ill. Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014). The Court concludes that the factual allegations against KK Air support a finding that KK Air breached the Lease through its failure to pay the security deposit, make monthly lease payments, make payments associated with 1,750 incurred flight hours, and maintain and return the aircraft in an airworthy condition. Thus, the Court grants Plaintiff's Motion for Default Judgment with respect to KK Air.

### D. Smith's Liability

Plaintiff alleges Smith is personally liable for KK Air's breach of the Lease based on the theory that Smith operated the corporation as his alter ego. In order to hold an individual liable on this basis, courts look for the following significant factors:

> [I]nsufficient capitalization for purposes of corporate undertaking, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation at time of transaction in question, siphoning of funds by dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and existence of corporation as merely facade for individual dealings.

*Victoria Elevator Co. of Minneapolis v. Meriden Grain Co., Inc.*, 283 N.W.2d 509, 512 (Minn. 1979). In order to disregard the corporate entity and hold an individual liable, the court must determine "that a number of these factors [are] present" and find "an element of injustice or fundamental unfairness." *Id.*

Under the alter ego theory, a court may pierce the corporate veil to award a default judgment against an individual where the complaint "clearly lay[s] out the factual allegations necessary to support a claim for relief." *See In re Burwell*, 391 B.R. 831, 837 (8th Cir. 2008) (affirming the bankruptcy court's default judgment against an individual where the complaint "describe[d] in detail" the individual's actions such as controlling entity bank accounts while claiming no ownership in the entities and using entity funds for personal affairs). However, default judgment should not be entered where the complaint does not adequately support imposing personal liability. *See Marshall*, 616 F.3d at 853-55 (vacating a default judgment where the court discerned "nothing in the complaint to support an assertion that [the corporate entity] was a sham corporation or an indistinct identity of [the individual]").

Here, the Court concludes that Plaintiff has not alleged sufficient facts to pierce the corporate veil and impose a default judgment against Smith based upon an alter ego theory. In the Complaint, Plaintiff alleges upon information and belief that KK Air was Smith's personal alter ego and that Plaintiff is entitled to pierce the corporate veil to hold Smith liable for the damages alleged against KK Air. However, the Court cannot simply accept these conclusory allegations because "a party in default does not admit mere conclusions of law." *Id.* at 852 (quoting *Murray*, 595 F.3d at 871). Plaintiff makes reference to four of the *Victoria Elevator* factors, alleging upon information and belief that Smith "(1) insufficiently capitaliz[ed] the corporation; (2) fail[ed] to observe corporate formalities; (3) maintain[ed] the insolvency of the corporation; and

([4]) siphon[ed] corporate assets for individual dealings." (Compl. ¶ 34.) Again, these conclusory allegations are insufficient to support a default judgment against Smith.

The Court acknowledges the potential unfairness of permitting Smith to avoid liability if he is indeed perpetrating a scheme involving multiple sham corporations as Plaintiff has argued in its letter brief to the Court. However, absent detailed factual allegations in the Complaint relating to this purported scheme, the Court declines to award a default judgment against Smith.

If it chooses, Plaintiff may amend the Complaint to include more detailed allegations relating to Smith's liability under an alter ego theory. Alternatively, the Court will permit Plaintiff to conduct limited discovery into the narrow issue of whether Smith may be held personally liable for the default judgment against KK Air by piercing the corporate veil.

### E. Damages, Fees, and Costs

Plaintiff seeks a default judgment including the following specific amounts: (1) $25,000 for the unpaid security deposit; (2) $67,227.15 in unpaid lease payments; (3) $122,500 for unpaid engine reserved time of 1,750 hours at $70 per hour; (4) $381,925.75 in total repairs to bring the aircraft back to in-service condition; (5) pre-judgment interest; and (6) attorney fees pursuant to the lease agreement totaling $16,412.19. (*See* Doc. No. 26.) In total, Plaintiff's attorney attests that Plaintiff is owed $640,691.52 plus additional interest. (*Id.*)

Federal Rule of Civil Procedure 55(b)(2) provides that "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when,

to enter or effectuate judgment, it needs to . . . determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). Indeed, "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). Whether a hearing is ultimately required is up to the discretion of the court. *Id.* at 916.

Here, Plaintiff's counsel has submitted an Amended Affidavit in Support of Motion for Entry of Default Judgment, including an Amended Affidavit of Amount Due and an Amended Affidavit of Costs and Disbursements. (*See* Doc. No. 26.) Although the Amended Affidavit of Costs and Disbursements includes an itemized list of the specific amounts Plaintiff seeks, Plaintiff has submitted no corresponding documentation to permit the Court to verify the proper amount of damages to award. The Court concludes this is "insufficient evidence upon which to enter the amount of the judgment." *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2d Cir. 1999) (finding the evidence insufficient where "[a]t the time judgment was entered, the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts, asserting an amount of damages sustained by plaintiff").

For example, counsel's affidavit references multiple repair bills for repairs which were purportedly necessary to bring the aircraft back to in-service condition. However, Plaintiff has failed to submit these bills or an affidavit from a person with knowledge to

support that the extent of the repairs was necessary.  In addition, counsel has failed to provide any billing records to support the requested attorney fees, making it impossible for the Court to determine the reasonableness of the fees sought.  Without more, the Court declines to enter judgment in the amount Plaintiff seeks.  As directed below, Plaintiff shall provide the Court with further documentation necessary to establish damages, and the Court reserves the right to hold a hearing if necessary.

## II.     Smith's Motion to Dismiss

In light of the Court's conclusion that Smith is a defaulting party, the Court will deny Smith's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted.

## ORDER

The Court hereby finds as follows:

1.     Defendant KK Air, LLC entered into a contract with Plaintiff Bakko Aviation, LLC to lease from Plaintiff an airplane, more fully described as:  Piper PA46-500TP, Serial Number 4697295, Registration Number N1065Y.

2.     Defendant KK Air, LLC is in breach under the terms of the lease agreement with Plaintiff Bakko Aviation, LLC.

3.     Defendant KK Air, LLC is indebted to Plaintiff Bakko Aviation, LLC in an amount to be determined including the following specific damages:  failure to pay the security deposit, failed monthly payments, failed payment for 1,750 hours of engine reserved time, costs incurred for repairs to bring the aircraft back to in-service condition, prejudgment interest, and attorney fees.

Based upon the submissions before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion for Default Judgment (Doc. No. [14]) is **GRANTED IN PART AND DENIED IN PART** as follows:

      a.      The Motion is granted with respect to Defendant KK Air, LLC who is liable to Plaintiff for breach of contract in an amount to be determined.

      b.      Within thirty days of this order, Plaintiff shall submit supporting documentation to verify the specific costs claimed in Plaintiff's Amended Affidavit of Amount Due.  The Court reserves the right to hold a hearing if necessary to determine damages.

      c.      The Motion is denied with respect to Defendant Justin Smith.

      d.      The Court grants Plaintiff permission to either amend the complaint or to conduct limited discovery with regard to the narrow issue of whether Smith may be held personally liable for the default judgment against KK Air by piercing the corporate veil.

2.      Defendant Justin Smith's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. No. [19]) is **DENIED WITHOUT PREJUDICE**.

3.      The parties shall contact the Court within fourteen days of this order to schedule a telephone status conference to discuss the procedural status of this case.

Dated:  April 17, 2017      <u>s/Donovan W. Frank</u>
                                   DONOVAN W. FRANK
                                   United States District Judge